IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00845-RPM

MERLIN J. PRATT,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

_____

ORDER DIRECTING SUPPLEMENTAL RESPONSE
_____

      Merlin J. Pratt is representing himself in this complaint for judicial review of the denial of his applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act.  His principal contention is that the Administrative Law Judge failed to consider reports in the medical records which the claimant interprets as meeting the listing of impairments in 20 C.F.R. Pt. 404, Subpt. P. App. 1 § § 4.02, 4.03 and 4.04.  The plaintiff correctly notes that the evaluation by Dr. McDonough (R. 170-173), dated January 6, 2004, was done without a review of the medical records because there were no records available.  The DDS records review report makes no mention of the limitations resulting from the echocardiograms and other tests of the claimant's cardiovascular system performed at the Denver Health Medical Center.  Dr. Kornfeld's report of medical examination of May 10, 2005, contains a diagnosis of congestive heart failure, coronary artery disease, high blood pressure, chronic obstructive pulmonary disease and myocardial infarction 1998 resulting in

disability. (R. 207-208). He opines that Mr. Pratt can tolerate a sit down light work job despite those impairments but does not address the listing regulations.

The ALJ said that there was no disability finding at Step 3 because no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairments and the claimant's attorney had not asserted that position.

The Commissioner in her response brief argues harmless error for the failure of the ALJ to give specific reasons for his Step 3 determination, citing *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). There, the appellate court reversed a ruling that the failure of the ALJ to explain his Step 3 determination was categorical error under *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996) and went on to find that the record fully supported the determinations at Step 4 and 5. That opinion recognizes that a harmless error analysis must be applied cautiously in an administrative review setting.    In this case, there is a serious concern that the ALJ did not perform his duty to examine the medical records before him to determine whether the objective records supported a Step 3 finding of disability and he did not seek the advice of a medical expert to interpret the objective findings of the diagnostic tests at the Denver Medical Center. It is difficult for this court to evaluate the claimant's arguments because of incorrect citations in his *pro se briefs. Under these* circumstances, it is

ORDERED, that the Commissioner will on or before July 16, 2007, file a supplemental response addressing the claimant's arguments that the medical records

show that he meets the listing of impairments for § § 4.02, 4.03 or 4.04 of Pt. 404, Subpt. P. App. 1.

DATED: June14th, 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge

Certificate of Mailing

      I hereby certify that a copy of the foregoing Order Directing Supplemental Response entered by Senior Judge Richard P. Matsch on June 14, 2007, was mailed via U. S. Mail to the following:

Merlin Pratt
123 So. Logan St.
Denver, Colorado 80209

Dated: June 14, 2007

                              GREGORY C. LANGHAM, Clerk

                              s/M. V. Wentz
                              By_____
                                         Deputy