IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00845-RPM

MERLIN J. PRATT,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER FOR REMAND
_____

    On June 14, 2007, this Court entered an order directing a supplemental response from the Commissioner directed to the ALJ's finding at Step 3 of the sequential analysis. As noted in that order, this Court had a serious concern that the ALJ did not perform his duty to examine the medical records to determine whether they supported the Step 3 finding and had not sought the advice of a medical expert to interpret them, particularly the diagnostic tests at the Denver Medical Center. On July 16, 2007, the defendant filed an unopposed motion for extension of time to file that supplemental response which was based on counsel's request to the Appeals Council of its position on voluntary remand and a request for a medical expert to state an opinion as to whether plaintiff's condition met or equaled all of the requirements of the listings. A second motion for extension of time was filed on August 1, 2007, stating that a medical expert had reviewed the evidence but did so in light of the 2007 listing and that additional time was necessary to resubmit the evidence for review by a medical

expert in light of the 2006 listing. The defendant's supplemental response was filed on August 7, 2007. Surprisingly, there is nothing in the response indicating that any medical expert had reviewed the records and expressed an opinion on the listings. The plaintiff pointed that out in his response, filed August 23, 2007.

What is now before this Court is the opinion of the attorney for the Commissioner and argument by counsel. That is not an adequate response to this Court's concern. The ALJ has the statutory duty to determine whether the claimant's condition meets or equals the listing of impairments applicable to that condition and to explain the reasons for a negative finding. That was made clear in *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). That has not been done in this case and as previously noted, the ALJ in making his decision at Step 5 was clearly relying on the opinions of a doctor who did a consultative examination but did not review any medical records.

Because the Commissioner has not shown that the Step 3 analysis was done adequately, it is now

ORDERED that the plaintiff's claim is remanded to the Commissioner with the requirement that a competent medical expert be appointed to evaluate the medical records to determine whether the claimant's condition meets or equals the applicable listings and, particularly, consider that he was unable to complete an exercise test.

DATED: September 20th, 2007

                                                BY THE COURT:
                                                s/Richard P. Matsch
                                                _____
                                                Richard P. Matsch, Senior Judge